IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA POTTS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-07-1274-D ) |
| OK TRANSFER AND STORAGE, INC., | ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 9], which seeks the dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of Count II and Count III of the Complaint for failure to state a claim upon which relief can be granted. Defendant asserts that Plaintiff's pendent state law claims for breach of contract and negligence are preempted by federal law and Plaintiff's remedy lies under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, as alleged in Count I of the Complaint. Defendant relies on binding case law regarding the preemptive force of the Carmack Amendment. *See, e.g., Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir. 1989) (en banc). Plaintiff responds by arguing, among other things, that *Underwriters* was wrongly decided and should not be followed.

### **Standard of Decision**

Defendant's challenge to the legal sufficiency of the Complaint, which was raised after the filing of its Answer, is properly asserted by a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) rather than a motion to dismiss under Rule 12(b)(6).[1] Nevertheless, the standard of decision is the same under both rules. *See Ramirez v. Department of Corr.*, 222 F.3d 1238, 1240

---

[1] *Rule 12(b) permits certain defenses to be raised by motion, but the motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). After that point, the defense of failure to state a claim may be raised by motion under Rule 12(c). See Fed. R. Civ. P. 12(h)(2)(B).*

(10th Cir. 2000); *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991). A dismissal for failure to state a claim for relief is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Here, Defendant asserts a legal challenge based on the doctrine of federal preemption. Defendant does not dispute that the factual allegations of the Complaint state claims under both the Carmack Amendment and common law principles. Defendant contends, however, that Plaintiff's state law claims are preempted by the Carmack Amendment. The question presented is purely a legal one: Do Plaintiff's state common law claims survive federal preemption?

### Plaintiff's Claims

The Complaint states, and the Answer admits, that Defendant is an interstate carrier who contracted to move Plaintiff's household goods from San Antonio, Texas, to Enid, Oklahoma, under a bill of lading. Plaintiff alleges that Defendant negligently loaded and transported her goods, breached the moving contract, and caused a loss of some items, damage to other items, and consequential damages, including losses of income, loss of her bargain, inconvenience and hardship. Plaintiff asserts under Count I, a claim for damages pursuant to 49 U.S.C. § 14706; under Count II, a claim for breach of contract; and under Count III, a claim of negligence.

### Analysis

As stated above, Defendant relies on binding Tenth Circuit authority for the proposition that Plaintiff's pendent state law claims are preempted by the Carmack Amendment. Plaintiff concedes that "Defendant's factual interpretation of *Underwriters* and cases following it in the Tenth Circuit

is correct." *See* Pl.'s Resp. Def.'s Mot. Dismiss [Doc. No. 14] at 23. Plaintiff argues, however, that "[t]he Tenth Circuit erred on two significant parts of the holding in *Underwriters*" and urges this Court not to follow the doctrine of *stare decisis* but to adopt Plaintiff's view of the "savings clause" of the Carmack Amendment. *See* Pl.'s Resp. Def.'s Mot. Dismiss [Doc. No. 14] at 26-28.

In *Underwriters*, the Tenth Circuit sitting en banc unequivocally held "that the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading." *Underwriters*, 890 F.2d at 1121. In so holding, the court of appeals overruled prior panel decisions and joined the overwhelming majority of federal appellate courts. *See id*. at 1120. This Court, as well as panels of the Tenth Circuit, must follow this binding precedent, "absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993); *see Starzynski v. Sequoia Forest Indus*., 72 F.3d 816, 819-20 (10th Cir. 1995). Thus, this Court cannot entertain Plaintiff's attack on the soundness of *Underwriters*; she identifies no intervening change in the law that might permit this Court to disregard its holding. Therefore, the Court finds that Defendant is entitled to dismissal of Plaintiff's common law claims, which are preempted by the Carmack Amendment.

IT IS THEREFORE ORDERED that Defendant's Motion is granted. The pendent state law claims asserted in Counts II and III of the Complaint are dismissed for failure to state a claim upon which relief can be granted.

IT SO ORDERED this 11th day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE